# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ROBERT MELTON, JR. and LORI MELTON, husband and wife and the marital community composed thereof,

Plaintiffs,

v.

CITY OF BURLINGTON, a Washington State municipal corporation, SKAGIT 911 EMERGENCY COMMUNICATIONS, a Washington State municipal corporation, ERIC YOUNGQUIST, and STACY WILSON,

Defendants.

CASE NO. C09-0233-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

Defendant City of Burlington filed a Notice of Removal in this Court on February 23, 2009. (Dkt. No. 1.) In it, Defendant asserts the following:

Plaintiff Robert Melton's vehicle was stopped, during a police investigation of a reported stolen vehicle. His original Complaint, in Skagit County Superior Court, alleged several state-law based causes of action. The City of Burlington moved for dismissal, and after several rounds of hearings, the plaintiff ultimately conceded that all pled causes of action were subject to dismissal. The court orally dismissed all state-law claims. However, plaintiff had simultaneously moved for leave to amend his Complaint. The court granted plaintiff's motion on January 23, 1009 [sic], and entered an order giving plaintiff leave to file the Second Amended Complaint. The proposed Second Amended Complaint that was attached to the plaintiff's Motion to Amend alleges that the police officers' actions were

MINUTE ORDER – 1

a violation of his civil rights (they make a 42 USC § 1983 claim), thereby making this case subject to federal court jurisdiction.

Despite several requests from defendants, it does not appear that plaintiff has actually filed and served the Second Amended Complaint.

(Notice of Removal 1–2 (Dkt. No. 1).) In other words, Defendant contends that this Court has subject matter jurisdiction based on an amended pleading that has not actually been filed.

If a plaintiff amends a state court complaint to add a federal claim, a defendant may remove the case to federal court. *See, e.g.*, *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 523, 524–25 (5th Cir. 1994). "[T]he time for removal begins when the defendants receive the amended complaint that reveals a federal claim on its face." 16 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 107.14[3][b][iii] (3d ed. 2008) (*citing id.* at 525–26); *see also* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]").

It does not appear that Defendant has received an amended complaint; rather, the state court merely granted Plaintiff leave to file an amended complaint. The Court therefore ORDERS Defendant to show cause within ten days of this minute order why this case should not be remanded to state court for lack of subject matter jurisdiction.

DATED this 5th day of March, 2009.

BRUCE RIFKIN, Clerk of Court


By  */s/ V. Perez*
      Deputy Clerk

MINUTE ORDER – 2